### Barton Peck v. J. A. Moody and others.

1. Where statutes provide for interlocutory judgments, and for the terms on which such judgments shall be granted, such judgments become a matter of right, and are not mere questions of discretion in the court below.

2. Though the granting or refusal of a continuance is ordinarily a matter of discretion only, yet there are cases in which a refusal of a continuance would be a denial of statutory rights. See this case for an example.

3. When a plaintiff was forced to take a non-suit by the refusal of a continuance to which he was entitled as a matter of right, it was error for the court to overrule his motion to set aside the non-suit and reinstate the cause.

Appeal from Victoria. Tried below before the Hon. J. J. Holt, special judge.

This was an action of trespass to try title, in which the appellant, Peck, was plaintiff. The trial appealed from took place in the spring of 1861, when the plaintiff moved for a continuance, alleging in his affidavit that the foundation of his title consisted of certain land certificates and surveys made by virtue of them— that under the requirements of law he had filed them in the Court of Claims for registry and approval, wherein they had been suspended, but would finally be approved; that he had used due diligence to obtain them as evidence, and this motion was not made for delay, etc.

The motion for a continuance was overruled, and the plaintiff was thereby forced to take a non-suit.

He moved the court to set aside the non-suit and reinstate the cause; but this motion was also overruled, and he thereupon embodied the motions and rulings in a bill of exceptions, and brings it up with the record by appeal.

*S. A. White*, for the appellant.—The court will observe two simultaneous affidavits as parts of one showing for continuance.

They were made by S. A. White, attorney, in charge of the case for the plaintiff below. The cause for continuance was unusual in its kind. The three certificates, which constituted the foundation of plaintiff's title, had been placed before the commissioner of claims for registration and approval, as required by law, from first of September, 1858; the affidavits and application for continuance being made on the nineteenth of February, 1861. There had not been any previous application for continuance. The commissioner had approved one certificate; but his action on the other two certificates had been suspended, and final decisions had not been made. Without such decisions the plaintiff could not use the certificates as evidences of title. And the plaintiff could not command the action of the commissioner. The delay of his action involved a necessity for continuing the case in which the title was to be tried. The affidavits covered the other requisites on a first application for continuance, namely: diligence, prospect of procuring the evidence, and object of attaining justice.

On such showing the court ought to have allowed a continuance, and should not have forced plaintiff to a non-suit. And the corresponding application to reinstate the case ought to have been granted.

*Glass & Callender*, for the appellees.

MORRILL, C. J.—As a general rule this court will not revise the discretionary acts of a district judge. But when the statutes provide for interlocutory judgments, and the terms upon which the same shall be granted or refused, such judgments become not a question of discretion to be exercised or not, as a judge may choose, but a matter of right.

In a large majority of the cases in which a continuance is granted or refused, a judge is bound to exercise a sound judgment and discretion; but there are cases, when to refuse a continuance, would be a denial of statutory rights.

We consider the case before us as one of this last named class.

In consequence of being forced into a trial, the plaintiff was compelled to take a non-suit, and the court erred in not setting aside the non-suit, and reinstating the cause on the docket.

Reversed and remanded.